[No. 8,029.—Department Two.]

## NETTIE D. HARRIS, ADMINISTRATRIX, ETC., *v.* E. A. HARRIS ET AL.

SALE OF PERSONAL PROPERTY—FRAUD AS TO CREDITORS—DELIVERY—EVIDENCE.—In an action by an administratrix to recover certain horses claimed by the defendant H. under a bill of sale alleged to have been executed to him by the intestate shortly before his death, the complaint, in effect, alleged that said bill of sale was made wrongfully and forcibly, and with intent to defraud said deceased and his creditors of said horses; that there was no delivery of said horses; and that said estate is insolvent, and without said horses will not be able to pay the just claims against the same; and on the trial plaintiff undertook to prove that the intestate was indebted when he died, that claims had been allowed against the estate, and that the estate was insolvent unless the property sued for was recovered.

Held: If the transfer of the property was made by the deceased to the defendant for the purpose of defrauding the creditors of said deceased, his administratrix might maintain an action for the recovery of it; and in that aspect of the case it would be material to prove that there were creditors to be defrauded as well as that the transfer was made with intent to defraud them.

ID.—ID.—ID.—The court erred in refusing instructions one and two (set out below).

APPEAL from a judgment for the defendant and from an order denying a new trial in the Superior Court of Lassen County.  HENDRICK, J.

The instructions referred to in the opinion and in the syllabus were as follows:

" 1. Every transfer of personal property made by one who

has such property in possession, is conclusively presumed to be fraudulent as against those who are his creditors while he has such possession, and against any person on whom his estate devolves in trust for the benefit of others than the one who made such transfer, unless such transfer is accompanied by an immediate delivery, and is followed by an actual change of possession of the thing transferred.

" 2. The plaintiff in this action is one on whom the estate of J. H. Harris, deceased, devolves in trust for the payment of all his debts, and for distribution among his creditors. If the jury believe from the evidence that the deceased made the bill of sale now held by the defendant, and that deceased was in debt at the time he made such bill of sale, and that such debts yet remain unpaid and are now presented against his estate, and that the deceased had the possession of the horses described in such bill of sale at the time the same was made, and that there was no delivery of said horses to defendant by J. H. Harris, deceased, then said bill of sale was void, and the jury should find for plaintiff, and should state the number and value of said horses."

*G. McCloskey* and *E. V. Spencer*, for Appellant.

*C. G. Kelley*, *A. L. Hart*, and *William Boardman*, for Respondent.

SHARPSTEIN, J.:

As we view it, the evidence is sufficient to justify the findings of the jury, which are undoubtedly sufficient to support the decision and judgment of the Court. But the ruling of the Court upon the admissibility of evidence to prove that the intestate Harris was indebted when he died, and that his creditors had presented their claims to the plaintiff as administratrix of the estate of deceased, and that the same had been allowed, and that the estate was insolvent, unless the property for the recovery of which this action was brought was recovered, was excepted to by the appellant. An objection was made by the respondent and sustained by the Court to the introduction of this evidence, on the ground that it was irrelevant, immaterial, and not in the issue. There is an alle-

gation in the complaint that the bill of sale was made "with intent to defraud said deceased and his creditors of said horses," and another "that said estate is insolvent, and without said horses will not be able to pay the just claims against the same."

If the transfer of the property was made by the deceased to the respondent, E. A. Harris, for the purpose of defrauding the creditors of said deceased, his administratrix might maintain an action for the recovery of it. And in that aspect of the case it would be material to prove that there were creditors to be defrauded, as well as that the transfer was made with intent to defraud them.

Instructions numbered "1" and "2," which the plaintiff requested the Court to give to the jury, should have been given, and the refusal of the Court to give them was error. We are unable to discover any other material errors in the record; but for those above specified, the judgment and order must be reversed.

Judgment and order reversed and cause remanded for a new trial.

THORNTON, J., and MORRISON, C. J., concurred.